09-1671-cv
Schultz v. Safra Nat'l Bank of N.Y.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                      <u>Chief Judge</u>,
          RALPH K. WINTER,
          JOSEPH M. McLAUGHLIN,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
Stanton Sterling Schultz,
        <u>Plaintiff-Appellant</u>,

        -v.-                                09-1671-cv

Safra National Bank of New York, Banco
Safra, S.A.,
        <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        Stanton Sterling Schultz, <u>pro se</u>, Denver, CO.

FOR APPELLEE:         Barry R. Fischer, Fischer & Mandell, LLP, New York, NY.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, J.; Mass, Mag.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Stanton Sterling Schultz, pro se, appeals the district court's grant of the Defendants' Fed. R. Civ. P. 12(b)(2) motion, dismissing his complaint for lack of personal jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Schultz raises no challenge on appeal to the district court's denial of his cross-motion to join Joseph Safra as a defendant; the denial of his application for discovery; and the dismissal of his claims against Safra National Bank of New York. We decline to review those issues. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (when a litigant, pro se or not, raises an issue before the district court but does not raise it on appeal, it is abandoned). The only issue raised by Schultz on appeal is whether the district court had personal jurisdiction over Banco Safra, S.A. ("Banco Safra"), a Brazilian bank.

We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. See Metro. Life Ins. Co. v. Roberson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). To survive a Rule 12(b)(2) motion, a plaintiff has the burden of demonstrating that jurisdiction exists, see Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994), and where, as here, the district court did not conduct "a full-blown evidentiary hearing on the motion, the plaintiff need only make a prima facie showing of jurisdiction," Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981). In order to resolve a motion to dismiss for lack of personal jurisdiction, a district court must "determine whether there is jurisdiction over the defendant under the relevant forum state's laws." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). Therefore, under New York law, Schultz had to demonstrate either that Banco Safra was "present" and "doing business" within the meaning of New York Civil Procedure Law and Rules ("CPLR") § 301, or that it committed acts within the scope of New York's long-arm statute, CPLR § 302.

Under CPLR § 301, "[a] corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, if it does business in New

York not occasionally or casually, but with a fair measure of permanence and continuity." Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 95 (2d Cir. 2000) (internal quotation marks omitted) (defining the circumstances pursuant to which a defendant can be subject to general personal jurisdiction under CPLR § 301). New York courts have focused on several factors to support a finding that a defendant was "doing business," including "the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." Landoil Res. Corp. v. Alexander & Alexander Serv. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990). Solicitation alone will not ordinarily show that a defendant is "doing business" in New York, but where combined with evidence that the defendant "engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist." Id. at 1043-44.

As the district court determined, Schultz had at best alleged only that certain banking institutions owned by a non-bank holding company--which, through a subsidiary, may also have owned Banco Safra--solicited business in the United States. Schultz readily admitted that Banco Safra had no office, employees, accounts, or property in the State of New York, and, given this absence of other substantial activities in New York, Schultz's speculative assertion that Banco Safra engaged in solicitation in that state through various other companies was insufficient to vest the district court with personal jurisdiction under CPLR § 301.

Additionally, under CPLR § 302(a)(1), a court may exercise personal jurisdiction over a defendant if it (1) "transacts any business" in New York *and* (2) the plaintiff's cause of action arises from the business transaction. See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007). Under CPLR § 302(a)(3), a district court may also exercise personal jurisdiction over a defendant if it commits a tortious act outside the state that causes injury to a person within the state, provided that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state."

As the district court determined, neither of these sections afforded personal jurisdiction over Banco Safra. Because Schultz conceded that his claims arose from alleged transaction by Banco Safra in Brazil, jurisdiction was not available under § 302(a)(1). Moreover, given our discussion above, Schultz could not show that Banco Safra regularly and consistently engaged in any business in the State of New York so as to create jurisdiction pursuant to § 302(a)(3). Accordingly, Schultz's

complaint was properly dismissed for lack of personal jurisdiction.

   We have considered all of Schultz's remaining claims of error and determined them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK